```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION


ANDREW ELLIOTT,                  )
                                 )
          Plaintiff,             )
                                 )
     v.                          )     No. 4:06CV1524(FRB)
                                 )
GATEWAY CLEAN AIR, et al.,       )
                                 )
          Defendants.            )
```

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Andrew Elliott for leave to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Also before the Court is applicant's motion to appoint counsel [Doc. #4]. Upon consideration of the financial information provided with the applications, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages against Gateway Clean Air (Gateway) for damaging his vehicle when it conducted the emissions test required to register his vehicle.  Although Don Brown Chevrolet is not named as a defendant in the caption of the complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure, it appears that plaintiff also seeks damages against Don Brown Chevrolet for failing to repair the vehicle under warranty.

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The instant complaint asserts claims that are identical to those previously dismissed by this Court in <u>Elliott v. Gateway Clean Air</u>, No. 4:06CV946(FRB) (E.D. Mo.). As before, this Court has subject matter jurisdiction over this case, if at all, only pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). Subject matter jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship between plaintiff and each defendant. From the complaint, however, plaintiff and the defendants appear to be citizens of the State of Missouri. Therefore, plaintiff's complaint should be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Docs. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [Doc. #4] is **DENIED**.

An appropriate order of dismissal shall accompany this order and memorandum.


Dated this  6th  day of February, 2007.

                                      /s/ Charles A. Shaw
                                **UNITED STATES DISTRICT JUDGE**